**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**CLEON BROWN**                                                                    **PLAINTIFF**

**v.**                                                      **CIVIL ACTION NO.:** 3:20cv334-DMB-JMV

**HEARTHSIDE FOOD SOLUTIONS, LLC.**                         **DEFENDANT**

**COMPLAINT
<u>JURY TRIAL DEMANDED</u>**

**COMES NOW** the Plaintiff, Cleon Brown, by and through counsel, Watson & Norris, PLLC, and files this action against the Defendant, Hearthside Food Solutions, LLC. As more specifically set forth below, Plaintiff was discriminated against based on his race (African American), and sex (male) in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. Also, Plaintiff was subjected to retaliation in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

<u>**PARTIES**</u>

1. Plaintiff, Cleon Brown, is an adult male citizen of Moscow, Tennessee.

2. Defendant, Hearthside Food Solutions, LLC, is a Delaware Limited Liability Corporation licensed to do business in the State of Mississippi that may be served with process by serving its registered agent: Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

<u>**JURISDICTION AND VENUE**</u>

3. This Court has federal question jurisdiction and venue is proper in this Court.

4. Plaintiff timely filed a Charge of Discrimination with the EEOC on April 4,

2020. On September 30, 2020, the EEOC issued a Dismissal and Notice of Rights. Plaintiff timely files this cause of action within ninety (90) days of receipt of his Dismissal and Notice of Rights.

## STATEMENT OF THE FACTS

5. Plaintiff is a 46-year-old black male resident of Moscow, Tennessee.

6. Plaintiff was hired by Elite Staffing Global, Inc. on October 30, 2019 and assigned to work at Hearthside Food Solutions, LLC, in Byhalia, Mississippi as an Assembly Line Worker. Elite Staffing Global, Inc., and Defendant Hearthside Food Solutions, LLC were joint employers of Plaintiff. A Notice of Right to Sue has not yet been issued by the EEOC with regard to the charge filed against Elite. Once a Notice of Right to Sue has been issued with regard to the charge filed against Elite, this Complaint will be amended to include Elite as an additional Defendant.

7. In December 2019, Plaintiff's Lead on Line 2, Anges Hunt (black female), began verbally harassing Plaintiff by calling him "gay" and mocking him in the presence of other employees.

8. For example, Ms. Hunt would refer to Plaintiff as "Cleosa" to newly hired employees and she would tell them not to pay any attention to him "because he is gay."

9. Around the second week of January 2020, Plaintiff complained about Ms. Hunt's verbally harassing behavior to Elite On-Site Manager Shaquitta McGhee.

10. Ms. McGee told Plaintiff that she would investigate the situation, but he never heard anything further about it from her.

11. Around that same time, Plaintiff spoke to Elite On-Site Supervisor Shaquitta McGhee and told her that he was being "harassed and mistreated" on his current shift.

12. Plaintiff requested that he be moved to day shift.

13. On February 26, 2020, while working, Plaintiff observed his Lead, Sharice (LNU) (black female) give instructions to another employee, Jerry Burrows (white male), to move some pallets.

14. In response to the instruction, Jerry Burrows just looked at Ms. Sharice but then did not comply with her directions.

15. Several minutes later, Ms. Sharice yelled at Plaintiff for not moving the pallets.

16. Since Plaintiff had not been instructed to move the pallets, Plaintiff was falsely accused and protested, but Ms. Sharice was unwavering in her allegations toward Plaintiff.

17. Jerry Burrows, a similarly situated white male, was never reprimanded.

18. On February 26, 2020, Plaintiff's Lead, Sharice (LNU), approached him and warned him that Supervisor Tabitha Kalapu wanted to have him terminated.

19. On that same date, a female co-worker had accused Plaintiff of offering money for sex.

20. Plaintiff denies this claim.

21. However, Mr. Brown was approached by Manager Dale (LNU) with a written warning regarding this allegation.

22. Although he denied the allegation, Plaintiff felt coerced and signed the written warning.

23. On February 27, 2020, Plaintiff was terminated, allegedly for insubordination.

## **CAUSES OF ACTION**

**COUNT I: VIOLATION OF TITLE VII and 42 U.S.C. 1981 - RACE DISCRIMINATION**

24. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 23 above as if fully incorporated herein.

25. Plaintiff is a black male.

26. Plaintiff was more than qualified for the position of Assembly Line Worker.

27. Plaintiff suffered an adverse employment decision – i.e., termination.

28. Defendant falsely accused Plaintiff of insubordination and allegedly terminated him for that reason.

29. The reason articulated by the Defendant for terminating Plaintiff is false and the real reason was because of Plaintiff's race and sex and was in retaliation for Plaintiff engaging in protected activity and making complaints of sex and race discrimination.

30. A similarly situated white male, Jerry Burrows, committed the same office that Defendant claims Plaintiff committed; however, Defendant did not terminate his employment.

31. The Defendant violated 42 U.S.C. § 1981 and Title VII by unlawfully discriminating against Plaintiff because of his race.

32. The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

**COUNT II: VIOLATIONS OF TITLE VII and 42 U.S.C. 1981 – RETALIATION**

33. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 32 above as though specifically set forth herein.

34. Defendant violated Title VII of the Civil Rights Act of 1964 by retaliating against Plaintiff for making a complaint regarding the unwelcomed harassment from Ms. Hunt.

35. The acts of the Defendants constitute a willful intentional violation of Title VII of the Civil Rights Act of 1964, and entitle Plaintiff to recovery of damages, both pecuniary and punitive in nature.

36. As a result of Defendant's said retaliation, Plaintiff suffered damages, including but not limited to compensatory damages, loss of reputation, humiliation, embarrassment, emotional pain and suffering, inconvenience, and mental anguish. In addition, Plaintiff is entitled to an award of punitive damages against Defendants.

**COUNT III: VIOLATION OF TITLE VII - SEX DISCRIMINATION**

37. Plaintiff re-alleges and incorporates all averments set forth in Paragraphs 1 through 36 above as though specifically set forth herein.

38. Plaintiff is a black male.

39. Plaintiff was more than qualified for the position of Assembly Line Worker.

40. Plaintiff suffered an adverse employment decision – i.e., termination.

41. Defendant falsely accused Plaintiff of insubordination and allegedly terminated him for that reason.

42. The reason articulated by the Defendant for terminating Plaintiff is false and the real reason was because of Plaintiff's race and sex and was in retaliation for Plaintiff engaging in protected activity and making complaints of sex and race discrimination.

43. Plaintiff has been discriminated against in the terms and conditions of his employment on the basis of his gender, male.

5

44. Plaintiff has been harmed as a result of this discrimination, and the Defendant is liable to Plaintiff for the same.

45. The acts of the Defendants constitute a willful and intentional violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, and entitle Plaintiff to recovery of damages, both compensatory and punitive in nature.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement or future wages in lieu of reinstatement;
2. Back pay and lost benefits;
3. Tax gross-up and all make whole relief;
4. Compensatory damages;
5. Punitive damages;
6. Attorney's fees;
7. Pre-judgment and post-judgment interest;
8. Costs and expenses; and
9. Any other relief to which he may be properly entitled.

THIS, the 28th day of December 2020.

                                Respectfully submitted,

                                CLEON BROWN, PLAINTIFF

                      By: /s Louis H. Watson, Jr.
                            Louis H. Watson, Jr. (MB# 9053)
                            Nick Norris (MB#101574)
                            Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com