IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CLEON BROWN,
Plaintiff,

v.  Cause No. 3:20CV334-DMB-JMV

HEARTHSIDE FOOD
SOLUTIONS, LLC AND
ELITE STAFFING
GLOBAL, INC.,
Defendants.

## ORDER

Before the Court is the unopposed motion [28] of James Brown to be substituted as "[s]uccessor [p]laintiff" in this Title VII action pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. In support of the motion, Mr. Brown asserts he is deceased Plaintiff Cleon Brown's father and "sole heir." He further alleges the following:

> Cleon Brown died without a will. . . . Cleon Brown was not married. There were no children born to or adopted by Cleon Brown. . . . There has been no administration of the estate of Cleon Brown and no administration will be necessary. . . . James Brown expects an administration of his estate will not be necessary because there will not be two or more debts against the estate that remain unpaid. . . . An administration will not be necessary to receive or recover funds or other property due to the estate. . . . Thus, no administration of the estate should be necessary. There are no unpaid estate or inheritance taxes. . . . Because Cleon Brown died without a will, as Cleon's father, James Brown is his only heir.

Rule 25(a) provides as follows:

(a) Death.

(1) Substitution if the Claim Is Not Extinguished. If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

> (2) Continuation Among the Remaining Parties. After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.
>
> (3) Service. A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

FED. R. CIV. P. 25(a).

A Suggestion of Death upon the record [26] as to Cleon Brown was filed in this action by counsel for Defendant Hearthside Food Solutions, LLC, on May 7, 2021. Accordingly, the instant motion, filed August 5, 2021, was filed within the 90-day deadline set by the rule. And, there is no dispute that the decedent's Title VII claims survive his death. *See Estate of Trivanovich v. Gulfport-Biloxi Reg'l Airport Auth.*, No. 106CV539-LG-JMR, 2008 WL 2779441, at *2 n.4 (S.D. Miss. July 14, 2008) (". . . the Court finds that . . . a [Title VII] claim survives under either state or federal law because such a claim is personal in nature and is intended to address individual wrongs rather than general wrongs to the public.") (citations omitted). Nevertheless, the Court finds Mr. Brown's motion should be, and is, hereby DENIED because he has failed to persuade the Court he is a "proper party" to be substituted under Rule 25(a).[1]

When the Southern District of Mississippi considered an issue similar to the issue presented here, it found that "[u]nless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the 'proper' party for substitution would be either the executor or administrator of the estate of the deceased." *Ashley v. Illinois Cent. Gulf*

---

[1] *See* MISS. CODE ANN. § 91-7-233 ("Executors, administrators, and temporary administrators may commence and prosecute any personal action whatever, at law or in equity, which the testator or intestate might have commenced and prosecuted.") and MISS. CODE ANN. § 91-7-237 ("When either of the parties to any personal action shall die before final judgment, the executor or administrator of such deceased party may prosecute or defend such action, and the court shall render judgment for or against the executor or administrator.").

*R.R. Co.*, 98 F.R.D. 722, 724 (S.D. Miss. 1983) (cleaned up). That court further stated: "'Successors' would be the distributees of the decedent's estate if his estate had been closed." *Id. Cf. Madison v. Vintage Petroleum, Inc.*, 872 F. Supp. 340, 342 (S.D. Miss. 1994) (reasoning that it did not follow that because movant was decedent's sole heir he was, therefore, her legal representative), aff'd, 87 F.3d 1311 (5th Cir. 1996). Adopting the Southern District's reasoning, I find Mr. Brown is not a "successor" as contemplated by Rule 25(a) because it is alleged no estate has been opened for the decedent.

Notwithstanding the foregoing, the Court believes Mr. Brown should be allowed time to determine whether he wishes to pursue this lawsuit as the legal representative of the decedent's estate. *See Madison*, *supra*, at 343. Accordingly, this action is **STAYED for 30 days** from this date, during which Mr. Brown may *either* open an estate for the decedent in the appropriate chancery court; have himself appointed as administrator; and re-urge his motion for substitution herein *or* notify the Court in writing that he does not wish to pursue this lawsuit. *Cf. id*.

**SO ORDERED** this 27th day of August, 2021.

/s/ Jane M. Virden
U.S. Magistrate Judge